## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Susan Harrington | : | |
| 37 St. John St. | : | #_____ |
| Schuylkill Haven, PA 17972 | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| Perez Rojas Orlando a/k/a Orlando C. Perez | : | |
| a/k/a Orlando Perez Rojas | : | |
| 6444 N 67th Ave., Apt. 2089 | : | |
| Glendale, AZ 85301 | : | |
| And | : | |
| DL Speed Delivery Corp. | : | |
| 9785 SW 222nd St. | : | |
| Cutler Bay, FL 33190 | : | |
| And | : | |
| 4Global Corp. | : | |
| 12963 West Okeechobee Rd., Suite 4 | : | |
| Hialeah Gardens, FL 33108 | : | |
| Defendants | : | |

## COMPLAINT

## PARTIES

1.      Plaintiff, Susan Harrington, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, is a resident of the State of Arizona, residing at the address listed in the caption of this Complaint.

3.      Defendant, DL Speed Delivery Corp., is a corporate entity authorized to conduct business in the State of Florida, and regularly conducts business in Schuylkill County, with a business address listed in the caption of this Complaint.

4.      Defendant, 4Global Corp. is a corporate entity authorized to conduct business in the State of Florida, and regularly conducts business in Schuylkill County, with a business address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Susan Harrington, is a citizen of Pennsylvania, Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, is a citizen of Arizona, and the Defendants, DL Speed Delivery Corp. and 4Global Corp., upon information and belief are corporate entities with their principal place of business in Florida and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

7.      On or about November 13, 2020, at or about 6:30 a.m., plaintiff, Susan Harrington, was the operator of a motor vehicle, which was traveling at or near the intersection of Route 61 & Summer Valley Rd., in Schuylkill County, PA.

8.      At or about the same date and time, defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, was the operator of a motor vehicle, owned by defendants, DL Speed Delivery Corp. and 4Global Corp., which was traveling at or around the aforementioned intersection and/or the location of the plaintiff's vehicle.

9.      At or about the same date and time, defendants' vehicle was involved in a collision with plaintiff's vehicle.

10.     At all times relevant hereto, defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, was operating the aforesaid defendants, DL Speed Delivery Corp. and 4Global Corp.'s vehicle as defendant's agent, servant and/or employee, acting within the scope of his/her agency.

11.     The aforesaid motor vehicle collision was the result of defendant, negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end plaintiff's vehicle.

12.     The aforesaid motor vehicle collision was a direct result of the negligence and/or carelessness of the defendants and not the result of any action or failure to act by the plaintiff.

13.     As a result of the collision, Plaintiff suffered severe and permanent injuries, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, as are more fully set forth below.

**COUNT I**
**Susan Harrington v. Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas**
**Negligence**

14.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

15.     The negligence and/or carelessness of the defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiff, consisted of but are not limited to the following:

      a.   Rear-ending the plaintiff's vehicle, pushing the Plaintiff's vehicle into the vehicle in front of him/her;

      b.   Operating his/her vehicle into plaintiff's lane of travel;

      c.   Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent and/or careless manner as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without rear-ending the plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiffs meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.  Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise careless and/or negligent under the circumstances.

16.    As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, all to Plaintiff's great loss and detriment.

17.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

18.    As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

19.     As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

20.     As a direct result of the negligent, and/or careless conduct of the defendant, plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

21.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Harrington, prays for judgment in plaintiffs' favor and against defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### Susan Harrington v. DL Speed Delivery Corp.
### Negligent Entrustment

22.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23.     The negligence and/or carelessness of the defendant, DL Speed Delivery Corp., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.  Permitting Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.  Permitting Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, to operate the motor vehicle when Defendant, DL Speed Delivery Corp., knew, or in the exercise of due care and diligence, should have known that defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, was capable of committing the acts of negligence set forth above;

    c.  Failing to warn those persons, including the Plaintiff, that Defendant, DL Speed Delivery Corp., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas's negligent operation of the motor vehicle; and

    d.  Otherwise negligently entrusting said vehicle to said individual Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas.

24.    As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, all to Plaintiff's great loss and detriment.

25.      As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26.      As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27.      As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28.      As a direct result of the negligent, and/or careless conduct of the defendant, plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

29.      Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Harrington, prays for judgment in plaintiff's favor and against defendant, DL Speed Delivery Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT III**
**Susan Harrington v. DL Speed Delivery Corp.**
**Respondeat Superior**

30.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

31.     The negligence and/or carelessness of the defendant, DL Speed Delivery Corp., itself and by and through its agent, servant and/or employee, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiff, consisted of but are not limited to the following:

     a.  Rear-ending the plaintiff's vehicle, pushing the Plaintiff's vehicle into the vehicle in front of  him/her;

     b.  Operating his/her vehicle into plaintiff's lane of travel;

     c.  Failing to maintain proper distance between vehicles;

     d.  Operating said vehicle in a negligent and/or careless manner as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

     e.  Failing to have said vehicle under proper and adequate control;

     f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

     g.  Violation of the assured clear distance rule;

     h.  Failure to keep a proper lookout;

     i.  Failure to apply brakes earlier to stop the vehicle without rear-ending the plaintiff's vehicle;

     j.  Being inattentive to his/her duties as an operator of a motor vehicle;

     k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s.  Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u.  Being otherwise careless and/or negligent under the circumstances.

32.  As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or

aggravation of pre-existing conditions, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, all to Plaintiff's great loss and detriment.

33.     As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

34.     As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

35.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

36.     As a direct result of the negligent, and/or careless conduct of the defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

37.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Harrington, prays for judgment in plaintiffs' favor and against defendant, DL Speed Delivery Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT IV
### Susan Harrington v. 4Global Corp.
### Negligent Entrustment

38.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

39.    The negligence and/or carelessness of the defendant, 4Global Corp., which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiffs, consisted of but are not limited to the following:

    a.   Permitting Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.   Permitting Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, to operate the motor vehicle when Defendant, 4Global Corp., knew, or in the exercise of due care and diligence, should have known that defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, was capable of committing the acts of negligence set forth above;

    c.   Failing to warn those persons, including the Plaintiff, that Defendant, 4Global Corp., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Perez Rojas

Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas's negligent operation of the motor vehicle; and

    d.   Otherwise negligently entrusting said vehicle to said individual Defendant, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas.

40.    As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, all to Plaintiff's great loss and detriment.

41.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

42.    As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

43.    As a further result of Plaintiff's injuries, he/she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

44.    As a direct result of the negligent, and/or careless conduct of the defendant, plaintiff suffered damage to his/her personal property, including his/her motor vehicle, which plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

45.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Harrington, prays for judgment in plaintiff's favor and against defendant, 4Global Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT V
**Susan Harrington v. 4Global Corp.**
**Respondeat Superior**

46.     Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

47.     The negligence and/or carelessness of the defendant, 4Global Corp., itself and by and through its agent, servant and/or employee, Perez Rojas Orlando a/k/a Orlando C. Perez a/k/a Orlando Perez Rojas, acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the plaintiff, consisted of but are not limited to the following:

a.   Rear-ending the plaintiff's vehicle, pushing the Plaintiff's vehicle into the vehicle in front of him/her;

b.   Operating his/her vehicle into plaintiff's lane of travel;

c.   Failing to maintain proper distance between vehicles;

d.  Operating said vehicle in a negligent and/or careless manner as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiffs or others;

e.  Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without rear-ending the plaintiff's vehicle;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a high rate of speed which was high and dangerous for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to exercise ordinary care to avoid a collision;

q.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

s. Continuing to operate the vehicle in a direction towards the plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

u. Being otherwise careless and/or negligent under the circumstances.

48. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the neck, both shoulders, back and stomach, as well as whiplash, migraines and a ringing in the ears, all to Plaintiff's great loss and detriment.

49. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

50. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

51.     As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

52.     As a direct result of the negligent, and/or careless conduct of the defendant, plaintiff suffered damage to his personal property, including his/her motor vehicle, which plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

53.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Susan Harrington, prays for judgment in plaintiffs' favor and against defendant, 4Global Corp., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
        *Kane Daly*
        Kane Daly, Esquire